UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DAVID C. PALMER,            )
                            )
        Petitioner,         )
                            )
   v.                       )    No. 2:14 CV 3
                            )
SUPERINTENDENT,             )
                            )
        Respondent.         )

## OPINION AND ORDER

David C. Palmer, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE #1.) In WCC #13-11-0186, a hearing officer found Palmer guilty of a trafficking offense, and as a result he lost 30 days of earned-time credits, among other sanctions. (DE #5-3 at 1.) The charge was initiated on November 6, 2013, when Officer W. Lovins wrote a conduct report stating as follows:

> On the above date and approx. time [Nov. 5, 2013, at 12:00 p.m.], I Officer Lovins was assigned to P2 patrol. Offender Palmer, David #241556, approached me and asked if I had any chew or if I could get him some. I stated No, Why? He responded, "I was thinking you could hook an old soldier up with a pinch or some if you had any."

(DE #5-1.) Palmer was charged with attempted trafficking in violation of disciplinary rules 111/113. (*Id.*)

On November 13, 2013, Palmer was formally notified of the charge and given a copy of the conduct report. (DE #5-2; DE #5-2.) He pled not guilty, requested a lay advocate, and waived the 24-hour notice requirement. (DE #5-2.) He did not request any witness statements or physical evidence. (*Id.*) On November 21, 2013, a hearing was

conducted on the charge. (DE #5-3 at 1.) Palmer made the following statement: "It was an honest mistake. I didn't want him to bring anything in. I was joking." (*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.*) His administrative appeals were denied. (DE #5-4 to DE #5-6.)

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In his petition, Palmer raises several variations of the same claim: that there was insufficient evidence to find him guilty. (DE #1 at 2-3.) In reviewing a disciplinary sanction for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at

455-56. The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Additionally, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Here, Palmer was found guilty of attempted trafficking in violation of disciplinary rules 111/113. Rule 111 is defined as "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." (DE #5-7 at 1.) Rule 113, a Class A offense, prohibits trafficking as defined by Indiana law. (*Id.* at 2.) The relevant Indiana statute[1] makes it unlawful to traffic "a cigarette or tobacco product" in any state penal institution. IND. CODE § 35-44.1-3-5.

Upon review, there is sufficient evidence in the record to support the guilty finding. The conduct report reflects that Palmer asked a guard if he could give him some chewing tobacco or bring some in the facility for him. Palmer now appears to argue that he could not have made the statement to the officer because he was at work at the time of this incident. (DE #1 at 2-3.) Aside from the fact that there is nothing in the record to support this assertion, it conflicts with what Palmer told the hearing officer. At the hearing Palmer did not deny making the statement to the officer, but claimed he was only joking. (DE #5-3 at 1.) The hearing officer was not required to

---

[1] At the time of the offense the Indiana trafficking statute was codified at IND. CODE § 35-44-3-9. The statute has since been recodified at IND. CODE § 35-44.1-3-5. The substance of the statute has remained unchanged.

credit his explanation. To be constitutionally adequate, the evidence need not point to only one logical conclusion; the question is solely whether there is some evidence to support the hearing officer's determination. *See Hill*, 472 U.S. at 457. Based on the record, the court cannot conclude that the hearing officer's determination was arbitrary or without evidentiary support.[2] *See id.* (due process is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary"); *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report provided sufficient evidence to support disciplinary determination).

Finally, Palmer claims that internal prison rules were not followed, including that Officer Lovins did not write the conduct report on the same day the incident occurred. (DE #1 at 3.) However, even if internal rules or policies were violated, this would not entitle Palmer to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of

---

[2] For completeness the court notes that the hearing officer mistakenly listed the offense of conviction as "trafficking," rather than attempted trafficking as was charged on the conduct report. (DE #5-3 at 1.) On appeal, the Indiana Department of Correction final reviewing authority modified the charge to correspond with the conduct report. (DE #5-6.) Palmer does not argue that his rights were violated in connection with the modification, nor could he raise a meritorious claim on this ground. It is clear that he was provided all the facts needed to defend against the attempted trafficking charge. *See Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003) (no due process violation where charge was modified from bribery to attempted trafficking, since the facts listed in the conduct report "gave [the petitioner] all the information he needed to defend against the trafficking charge"). He does appear to argue that there was insufficient evidence of any actual trafficking (DE #1 at 2), but that was not the charge of conviction as modified.

prison policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law").

For these reasons, the petition (DE #1) is **DENIED**.

**SO ORDERED.**

Date: July 15, 2014

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT